# Exhibit 2

**Kyle Roche**

| | |
|---|---|
| **From:** | Chaz reetz-laiolo |
| **Sent:** | Tuesday, January 17, 2017 8:47 PM |
| **To:** | Amos Friedland |
| **Subject:** | Fwd: FW: The Girls |

Here's their second contact. My counsel had responded to the first email, saying we would contact them shortly, that I retained my rights to question the book.

From: Foley, Carolyn
Sent: Friday, January 08, 2016 5:39 PM
To: Medley, Kyle M.
Subject: FW: The Girls
Importance: High

Dear Mr. Medley

    Kate Medina has forwarded to me your email to her.  Please communicate directly with me, going forward.

    As Ms. Medina's letter to your client makes clear, Emma Cline notified us of your client's accusation that her book, *The Girls* (the "Book"), "plagiarizes" his work.  We have discussed the matter with Ms. Cline and carefully considered the background facts that she has provided to us and we can see nothing to support your client's accusation.  The relevant facts as we understand them – and as emails largely document – are as follows:  Mr. Reetz-Laiolo and Ms. Cline were involved in a relationship from about 2009-2012. As with many couples, they discussed their work.  We understand that at that time, Ms. Cline was working on a book about a commune and she had not started the work that became *The Girls.* After the relationship ended, we further understand that they did continue to periodically share work that each of them was working on.  In this vein, we understand that in December 2014, Ms. Cline contacted Mr. Reetz-Laiolo to see if she could use certain information and details that were included in a prior work he had published concerning his time working as a home aide.  Later, in March of 2015, Ms. Cline sent to him an email containing snippets from the Book that he might consider similar to phrases he has used in the past or that he might recognize as reminiscent of time he and Ms. Cline spent together as a couple.  I understand that Mr. Reetz-Laiolo initially expressed some concern about the substance of that email, but that the two of them talked subsequently and that he later indicated that he was not, in fact, bothered about any of the snippets she had sent to him.

    During the same period, we understand that Ms. Cline told Mr. Reetz-Laiolo that she would be interested in his reactions to the Book and that she wanted him to read the manuscript, but that he was not

1

interested in doing so.  Mr. Reetz-Laiolo appeared to change his mind, however, in October of 2015 and asked her to give him a copy of the Book in its "original form".  Ms. Cline was puzzled by this request for the earliest draft of the manuscript, but she did ultimately send him an early version of the draft manuscript.  It was after she sent him this manuscript that he accused her of plagiarism, but did not provide any specifics.

You should be aware that Random House purchased the Book from Ms. Cline back in October of 2014 based on our consideration and appraisal of the manuscript her agent provided to us before that date.  The snippets that Ms. Cline sent to your client in March of 2015 were added after the book was acquired and played no role in our decision to buy the Book.

Ms. Cline had, by email dated November 4, 2015, asked your client to be more specific about his concerns. More than two months later, he has not yet done so.  If there is any information in addition to that detailed above that you believe we should consider in order to understand your client's concerns, I ask that you please provide that information immediately.

Sincerely,

Carolyn K. Foley

Carolyn K. Foley, Esq.

Vice President & Associate General Counsel

Penguin Random House LLC

1745 Broadway, 14th Floor

New York, NY 10019