UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAZ REETZ-LAIOLO, et al., <br><br>Plaintiffs, <br><br>v. <br><br>EMMA CLINE, et al., <br><br>Defendants. | Case No. 3:17-cv-06867-WHO <br><br>**ORDER GRANTING LEAVE TO FILE FOURTH AMENDED COMPLAINT** <br><br>Re: Dkt. Nos. 88, 89 |

On September 18, 2018, plaintiffs filed a motion for leave to file a fourth amended complaint to add a conversion claim related to defendants' alleged possession of screenshots obtained by hacking into plaintiffs' computer. Dkt. No. 88. Today, defendants filed a motion to modify the September 21 deadline to file a motion to dismiss the third amended complaint, pending my decision on plaintiffs' request for leave to amend. Dkt. No. 89. Plaintiffs gave notice that they would oppose that request.

Federal Rule of Civil Procedure 15 dictates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts consider five factors when deciding whether to grant a motion for leave to amend pursuant to Rule 15: (i) bad faith on the part of the movant; (ii) undue delay in filing the motion; (iii) prejudice to the opposing party; (iv) futility of amendment; and (v) whether the plaintiff has previously amended the complaint." *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2015 WL 4104609, at *1 (N.D. Cal. July 7, 2015). "Above all, in exercising its discretion, the court 'must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Castillo-Antonio v. Mejia*, No. 14-cv-03637-JSC, 2014 WL 6735523, at *1 (N.D. Cal. Nov. 26, 2014).

Plaintiffs have pursued their amendment in good faith and without undue delay upon

learning that defendants allegedly had and have retained possession of the screenshots that resulted from the hacking activity that forms of the basis of their complaint.  The proposed amendments do not appear futile, particularly given that the related case between the parties (17-cv-6866) involves a similar conversion claim.  *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) ("[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense[.]'").  And there is little to no prejudice since this case remains in the early stages of discovery.  *See Castillo-Antonio v. Mejia*, No. 14-CV-03637-JSC, 2014 WL 6735523, at *2 (N.D. Cal. Nov. 26, 2014) ("Other courts have found prejudice when the amendment comes on the eve or close of discovery… .").

Since the factors support granting leave to amend, plaintiffs' motion is GRANTED.  The file date of the fourth amended complaint will be deemed the date of this order.  This order moots defendants' motion to modify the deadline to file a motion to dismiss the third amended complaint.

**IT IS SO ORDERED.**

Dated: September 20, 2018

William H. Orrick
United States District Judge