UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAZ REETZ-LAIOLO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EMMA CLINE, et al.,<br><br>　　　　Defendants. | Case No. 3:17-cv-06867-WHO<br><br>**ORDER DENYING MOTION FOR ENTRY OF JUDGMENT**<br><br>Re: Dkt. No. 109 |

**INTRODUCTION**

As one of numerous claims in this case, writer and plaintiff Chaz Reetz-Laiolo alleged that his ex-girlfriend, defendant Emma Cline, used copyrighted material from his manuscript entitled *All Sea* to write her 2016 bestselling novel *The Girls*, to her benefit and the benefit of defendant publisher Random House. In the second of two orders on motions to dismiss by Cline and Random House, I dismissed with prejudice the copyright infringement claim along with several tort claims. Now Reetz-Laiolo asks that I enter a Rule 54(b) judgment on the copyright claims and copying-related tort claims so that he can appeal them while the remaining claims proceed to discovery and trial. Because neither judicial administrative interests nor the equities favor a separate judgment on these claims, I will deny the motion.

**BACKGROUND[1]**

On November 29, 2017, complaints were filed in this case along with the related case in

---

[1] I address only the procedural history necessary to contextualize this motion. I summarized the factual allegations in detail in the June and November Orders on the motions to dismiss. Dkt. Nos. 74, 106.

which Cline is the plaintiff.[2] Since that time, the parties have amended their complaints, I have ruled on two motions to dismiss in each case, and various claims have been dismissed either by me or voluntarily. *See* Dkt. No. 74 ("June MTD Order"); Dkt. No. 106 ("November MTD Order"). Claims under the Federal Stored Communications Act, the Federal Wiretap Act, the California Invasion of Privacy Act, the California Computer Crime Law, and the California Constitution, along with claims for intrusion upon seclusion and intentional infliction of emotional distress, remain pending. The November MTD Order dismissed with prejudice all claims against Random House, which included tort claims, copyright claims, and a claim for unjust enrichment, leaving Cline as the only defendant in this matter.[3]

On December 14, 2018, Reetz-Laiolo[4] moved for entry of judgment under Federal Rule of Civil Procedure 54(b). Dkt. No. 109 ("Mot."). He argues that there is no just reason to delay judgment on his claims under the Copyright Act as well as the tort claims based on the alleged copying of *All Sea* (together, the "Copyright-Related Claims"). *Id.* at 1.

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides that where an action involves more than one claim for relief, a district court has discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Courts apply a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). As "the one most likely to be familiar with the case and with any justifiable reasons

---

[2] Random House was previously a plaintiff in the related case, but it voluntarily dismissed its claims after my November Order. *See* 17-cv-6866, Dkt. No. 86.

[3] Specifically, Reetz-Laiolo and co-plaintiffs Kari Bernard and Kristin Kiesel asserted claims against Random House for conversion and civil theft of the *All Sea* manuscript, intentional infliction of emotional distress for prelitigation conduct, interference with prospective economic advantage, vicarious copyright infringement and unjust enrichment related to *All Sea*, and conversion of the Refog records.

[4] Bernard and Kiesel join the motion; however, the plaintiffs request entry of judgment only on claims brought by Reetz-Laiolo himself.

for delay," the district court's decision under Rule 54(b) receives substantial deference. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (internal quotation marks and citation omitted).

**DISCUSSION**

The first requirement under Rule 54(b) is a "final judgment." *See Curtiss–Wright*, 446 U.S. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* Cline and Random House do not dispute that my November MTD Order was a final judgment on the Copyright-Related Claims. *See generally* Dkt. No. 114 ("Oppo.").

To determine whether there is any just reason for delay in entering a separate judgment under Rule 54(b), I must assess "judicial administrative interests as well as the equities involved." *Id.* at 8. Consideration of the former is intended to preserve the policy against piecemeal appeals. *Id.* A court should ask "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 2. "Similar legal facts or issues that may require the appellate court to review legal or factual issues similar to those in the pending claims will weigh heavily against entry of judgment under Rule 54(b)." *Henderson v. City & Cnty. of S.F.*, No. 05–cv–234–V RW, 2009 WL 2058369, at *1 (N.D. Cal. July 13, 2009) (internal quotation marks and citation omitted).

The Copyright-Related Claims are not appropriate for an entry of judgment because separate judgments would not serve efficient judicial administration. While the claims involve distinct legal questions, *see* Mot. 6, they also depend on Reetz-Laiolo's ability to prove a key fact that remains pending—whether Cline had access to Reetz-Laiolo's computer or online accounts after 2012. *See* Oppo. 6 ("It would not be an appropriate use of judicial resources to allow Reetz-Laiolo to appeal a ruling on the plausibility of his factual allegations, when, at the same time, the *provability* of those allegations is being tested in district court."). If the answer to this question is

3

that Cline did not have access to *All Sea*, then Reetz-Laiolo cannot prove his Copyright-Related Claims and the Ninth Circuit would not have to address the reasoning of the November MTD Order. The distinction Reetz-Laiolo draws between access to email and access to his online drafting platform is unpersuasive. *See* Reply [Dkt. No. 115] 3. The allegations underlying the Copyright-Related Claims, the other dismissed claims, and the pending claims are too closely related for a partial judgment to be appropriate.

The equities do not favor entry of judgment either. The parties will not have to wait long for a final judgment; trial is set to begin on May 4, 2020. *See* Dkt. No. 104. That date could well come before a decision by the Ninth Circuit on an appeal filed today. Meanwhile, Cline would be prejudiced by having to litigate in district court and the Ninth Circuit simultaneously, and Random House would be prejudiced by having to handle an appeal on the claims by Reetz-Laiolo now and an appeal on the claims by Bernard and Kiesel later. *See* Oppo. 7. Reetz-Laiolo's assertion that the Ninth Circuit's decision on appeal of the separate judgment could facilitate a global settlement between the parties is speculative at best, both substantively and with respect to the likely timing of the trial and appellate decisions. *See* Mot. 10; Oppo. 7.

## CONCLUSION

For the foregoing reasons, Reetz-Laiolo's motion for entry of judgment under Rule 54(b) is DENIED. The February 20, 2019 hearing on the motion is VACATED.

**IT IS SO ORDERED.**

Dated: February 14, 2019

William H. Orrick
United States District Judge